UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| BRIAN WALTZER, | ) | CASE NO. 1:12CV2068 |
| | ) | |
| Petitioner, | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| v. | ) | Magistrate Judge George J. Limbert |
| | ) | |
| JASON BUNTING, Warden | ) | REPORT AND RECOMMENDATION |
| | ) | OF MAGISTRATE JUDGE |
| Respondent. | ) | |

On August 4, 2012, Petitioner, Brian Waltzer ("Petitioner), *pro se*, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF Dkt. #1. He seeks relief for alleged constitutional violations that occurred during his Cuyahoga County, Ohio Court of Common Pleas convictions for one count of felonious assault in violation of Ohio Rev. Code § 2903.11(A)(2), and one count of domestic violence in violation of Ohio Rev. Code § 2919.25(A). ECF Dkt. #7-1 at 1-2.

On November 7, 2012, Respondent, Jason Bunting ("Respondent"), Warden of the Marion Correctional Institution, in Marion, Ohio, filed a motion to dismiss Petitioner's petition for writ of habeas. ECF Dkt. #7. On November 29, 2012, Petitioner filed a traverse to the motion to dismiss his petition for a writ of federal habeas corpus. ECF Dkt. #8.

For the following reasons, the undersigned RECOMMENDS that the Court DISMISS Petitioner's federal habeas corpus petition in its entirety without prejudice.

**I. SYNOPSIS OF THE FACTS**

The Court of Appeals, Eight Appellate District, Cuyahoga County, Ohio, summarized the facts of the case, stating:

In the early morning hours of August 8, 2009, defendant got into an argument with his girlfriend, L.M. Defendant and L.M., who were living in L.M.'s house in Cleveland at the time, had been drinking alcohol with friends the night before. L.M. called the police, alleging that defendant hit her in the head with a baseball bat and cut or stabbed her in the hand with a steak knife. The police arrived at L.M.'s house and took her statement and pictures of her injuries. EMS arrived and treated her injuries on the scene, but L.M. refused further medical treatment.

On September 30, 2009, defendant was indicted for felonious assault in violation of R.C. 2903.11(A)(2) and domestic violence in violation of R.C. 2919.25(A). On December 1, 2009, a jury found defendant guilty of both counts. On December 7, 2009, the court sentenced defendant to five years in prison for the felonious assault to run concurrent with six months in prison for the domestic violence.

ECF Dkt. #7-1 at 79.

## II. PROCEDURAL HISTORY

### A. State Trial Court

In its September 2009 term, the Cuyahoga County, Ohio Grand Jury indicted Petitioner on one count of felonious assault in violation of Ohio Rev. Code § 2903.11(A)(2), and one count of domestic violence in violation of Ohio Rev. Code § 2919.25(A). ECF Dkt. #7-1 at 1-2.  Both counts contained a forfeiture of property specification pursuant to Ohio Rev. Code § 2941.1417(A). *Id.* Petitioner plead not guilty to both charges. *Id.* at 3.

On December 1, 2009, the jury found Petitioner guilty as charged. ECF Dkt. #7-1 at 4. On December 7, 2009, the Petitioner was sentenced to five years in prison for felonious assault and six months for domestic violence, to run concurrently. *Id.* at 5.

### B. Direct Appeal

On December 29, 2009, Petitioner, through counsel, filed a notice of appeal and asserted the following assignments of error:

**FIRST ASSIGNMENT OF ERROR**
The Appellant was denied his Constitutional Right of Due Process when
the court impermissibly allowed hearsay testimony.

**First Issue Presented:**
Was Appellant denied his Constitutional Right of Due Process when the
court allowed testimony from Officer Lozinak as to statements made by the
alleged victim, Lori Moody, for the truth of the matter asserted?

**SECOND ASSIGNMENT OF ERROR**
The evidence was insufficient to sustain a finding of guilt because the State
failed to present evidence to establish beyond a reasonable doubt the
elements necessary to support the conviction.

**Second Issue Presented:**
Was there sufficient evidence to establish the Appellant knowingly caused
or attempted to cause physical harm to another by means of a deadly
weapon?

**THIRD ASSIGNMENT OF ERROR**
Appellant's convictions are against the manifest weight of the evidence.

**Third Issue Presented:**
Are Appellant's convictions against the weight of the evidence?

ECF Dkt. #7-1 at 27-36.

On April 26, 2010, Petitioner filed his own supplemental brief alleging ineffective

assistance of counsel, judicial misconduct in the form of having two judges presiding over his

criminal proceedings, that the prosecutor used preemptory challenges to racially bias the jury,

and that the felonious assault and domestic violence charges should have been merged as allied

offenses. ECF Dkt. #7-1 at 39. The State made a motion to strike the *pro se* brief. *Id.* at 53.

Petitioner filed a motion to sustain his supplemental brief, but the court denied it and struck

Petitioner's brief. *Id.* at 55-56. The State then submitted a brief in response to the original brief

filed by Petitioner. *Id.* at 59.

On October 18, 2010, *sua sponte*, the Court of Appeals remanded the appeal to the trial court for clarification of its sentencing judgment. ECF Dkt. #7-1 at 73. The trial court issued an order relating back to December 10, 2009 to comply with the Court of Appeals remand order. *Id.* at 74-76. The Court of Appeals affirmed the trial court's order on February 10, 2011. *Id.* at 77-87.

### C. Supreme Court of Ohio

Petitioner did not appeal to the Supreme Court of Ohio.

### D. Rule 26(b): Application for Reopening of Appeal

On April 12, 2011, Petitioner filed a *pro se* application for reopening his direct appeal, pursuant to Ohio Appellate Rule 26(b). ECF Dkt. #7-1 at 88. Petitioner alleged that his appellate counsel was ineffective, the appellate court failed to address the use of two different judges, and that the appellate court erred by separately charging and sentencing him for allied offenses. *Id.* at 89. The State filed a brief in opposition to Petitioner's motion for reopening. *Id.* at 101. Petitioner responded. *Id.* at 110. On October 5, 2011, the Court of Appeals denied Petitioner's application for reopening his direct appeal. *Id.* at 113.

On October 31, 2011, Petitioner filed a *pro* se notice appealing the ruling denying reopening to the Supreme Court of Ohio. ECF Dkt. #7-1 at 126-28. Petitioner raised three propositions of law:

> **PROPOSITION OF LAW 1**
> The Court of Appeals violated the long-standing "law of the case" doctrine by changing the facts in order to deny a meritorious application for reopening claiming ineffective assistance of counsel.
>
> **PROPOSITION OF LAW 2**
> The Court of Appeals erred by not allowing additional evidence despite the lack of communication between indigent defendant and his court-appointed appellate counsel.

**PROPOSITION OF LAW 3**
Appellate counsel was ineffective in that he refused to raise stronger
assignments of errors on the first direct appeal that were requested by the
defendant.

*Id.* at 128-44. The State waived its response. *Id.* at 169. The Supreme Court of Ohio dismissed

the appeal as not involving any substantial constitutional question. *Id.* at 170.

### E. Post-Conviction Relief

On July 2, 2010, Petitioner filed a *pro se* petition to vacate or set aside judgment of

conviction or sentence. ECF Dkt. #7-1 at 171. Petitioner raised the following claims:

**CLAIM 1**
Defendant was denied his sixth amendment [*sic*] right to counsel because
his trial counsel was ineffective. My Attorney [*sic*] failed to call on
material witnesses to the incident.

**CLAIM 2**
The Defendant was denied his constitutional right of due process when the
court impermissibly allowed Hearsay [*sic*] testimony. The defendant [*sic*]
was denied his constitutional right to due process when the court allowed
testimony from officer [*sic*] Lozniak as to statements made by the alleged
victim Lori Moody for the truth of the matter asserted? [*sic*]

**CLAIM 3**
The trial court violated Mr. Waltzer's rights under the 5th, 6th, and 14th
Amendments to the United States constitution [*sic*], and section 10 and 16,
article one (1) of the Ohio Constitution. The defendant [*sic*], Mr. Waltzer,
was tried and convicted of allied offenses of similar import R.C.
2941.25(A).

**CLAIM 4**
The trial court violated Mr. Waltzer's rights under the 8th Amendment
[*sic*], U.S. constitution [*sic*], section 9, article 1, of the Ohio constitution
[*sic*]. Mr. Waltzer was subjected to cruel and unusual punishment when he
was sentenced to 5 years for felonious assault. When #  1 – he had never
been convicted of [*sic*] associated with any violent physical activity in the
past. When # 2 – The victim, Ms. Moody, never implicated Mr. Waltzer at
trial and under oath of inflicting any physical harm to her. When # 3 – Ms.
Moody did not seek or need medical assistance the night the police came
to her residence as noted on the police report and narrative. When # 4 –
The police narrative contradicts the police misdemeanor witness
complaint.

**CLAIM 5**
The trial court infringed on my sixth amendment [*sic*] constitutional right
when I was denied the right to be tried by a jury of my peers. African
Americans and minorities were excluded form the jury. Defendant Mr.
Waltzer [*sic*] was denied a jury of his peers, by exclusion of African
Americans and minorities in the make-up of the petty jury; by the states
prosecution and racially biased use of pre-emtory [*sic*] challenges of the
prosecution to exclude blacks and minorities from the jury.

**CLAIM 6**
The defendant [*sic*] was denied his constitutional right of due process.
When superintendence Rule # 4 was broken [*sic*]. When two judges were
used before deliberation at trial [*sic*]. Also, criminal rule # 25, disability of
a judge [*sic*]. Jude Matia left before deliberation. The jury rang the buzzer
twice having questions during deliberation. Judge Matia left for vacation
according to my attorney. There was no formal announcement of Judge
Hollie Gallagher stepping in. There was no notice of her familiarizing
herself with the record of the trial. I feel this was an encroachment of my
rights. There was also no jury instructions of a lesser charge given [*sic*].

*Id.* at 172-75.

On July 2, 2010, Petitioner filed a motion for expert assistance in an attempt to move the
court to grant fees for an investigator. ECF Dkt. #7-1 at 245. The trial court denied the petition to
vacate or set aside the judgment or conviction. *Id.* at 177.

On August 9, 2010, Petitioner noticed his appeal with the Eight District Court of
Appeals. ECF Dkt. #7-1 at 178.  Petitioner filed a memorandum in support of his appeal, in lieu
of a brief, and moved the court to accept said memorandum. *Id.* at 191. The court denied
Petitioner's request. *Id.* at 199. The court decided to deny the request *sua sponte*, stating that the
trial court had not issued findings of fact and conclusions of law. *Id.* at 200.

On September 22, 2010, Petitioner filed an amended memorandum in support of his post-
conviction relief petition. ECF Dkt. #7-1 at 201. Petitioner also filed a motion for findings of fact
and conclusions of law requesting that the trial court issue findings of fact and conclusions of

law with regard to its ruling on his post-conviction petition. *Id.* at 208. The State filed a brief in opposition to Petitioner's amended memorandum in support of post-conviction relief. *Id.* at 210.

On October 25, 2010, Petitioner filed a motion for summary judgment. ECF Dkt. #7-1 at 216. In the motion, he argues that he was entitled to post-conviction relief. The State opposed the motion. *Id.* at 224. The trial court has not ruled on either the amended memorandum in support of neither post-conviction relief nor the summary judgment motion, or issued findings of fact.

### III. 28 U.S.C. § 2254 PETITION

Petitioner, *pro se*, filed a federal petition for Writ of Habeas Corpus on August 4, 2012. The petition raises the following grounds for relief:

> **GROUND ONE**
> Denied Sixth Amendment right to counsel because trail [*sic*] counsel was ineffective.
>
> **Supporting Facts:**
> 1. Mr. Thomarios failed to call on material witnesses to the incident.
> 2. Failed to utilize evidence that proved victim was intoxicated and lied on incident statement.
> 3. Failed to object to bias use of pre-emptory [*sic*] challenges of the prosecution to exclude blacks & minorities from the trial jury.
> 4. Failed to object to judicial misconduct.
>
> **GROUND TWO**
> Due Process: Court impermissibly allowed hearsay evidence.
>
> **Supporting Facts:**
> The court allowed testimony from Office Lozniak as to statements made by the alleged victim, even though Police [*sic*] responded more than 3 hours after the initial call. Objection was overruled.
>
> **GROUND THREE**
> The trial court Violated [*sic*] defendants [*sic*] rights under the 5th, 6th, & 14th Amendments to the U.S. constitution [*sic*]; Tried and Convicted of Allied Offenses [*sic*].
>
> **Supporting Facts:**
> 1. The Defendant, Mr. Waltzer [*sic*] was tried & Convicted of Allied Offenses of Similar Import [*sic*] R.C. 2941.25(A)

    2. Charges should have been merged for proper sentence.

    **GROUND FOUR**
    Denied constitutional right of due process when two judges were used.

    **Supporting Facts:**
1. Two Judges were used during trial before deliberation, thus violating Sup.R. #4 also Crim.R. #25.
2. There was no formal announcement of Hollie Gallager stepping in. She never familiarized herself with the case on or off the record. No jury instructions of a lesser charge given.
3. The jury rang the buzzer twice having questions, Ms. Gallager didn't know the case. (See Attached Journal Entries) (two signatures).

ECF Dkt. #1 at 5-10. On November 7, 2012, Respondent filed a motion to dismiss. ECF Dkt. #7.

On November 29, 2012, Petitioner filed a Traverse. ECF Dkt. #8.

## IV. PROCEEDURAL BARRIERS TO REVIEW

A petitioner must overcome several procedural barriers before a court will review the merits of a petition for a federal writ of habeas corpus. As Justice O'Connor noted in *Daniels v. United States*, "Procedural barriers, such as statutes of limitations and rules concerning procedural default and exhaustion of remedies, operate to limit access to review on the merits of a constitutional claim." 532 U.S. 374, 381 (2001); *see also United States v. Olano*, 507 U.S. 725, 731 (1993).

### A. Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") statute of limitations period for filing a petition for a writ of federal habeas corpus is one year, and it begins to run on the date judgment became final. 28 U.S.C. § 2244(d)(1). The AEDPA statute is not at issue in this case.

**B. Exhaustion of State Remedies**

As a general rule, a state prisoner must exhaust all possible state remedies or have no

remaining state remedies before a federal court will review a petition for a writ of habeas corpus.

28 U.S.C. § 2254(b) and (c); *see also Baldwin v. Reese*, 541 U.S. 27, 29 (2004). The exhaustion

requirement is satisfied "once the federal claim has been fairly presented to the state courts."

*Franklin v. Rose*, 811 F.2d 322, 325 (6th Cir. 1987). To exhaust a claim, a petitioner must present

it "to state courts under the same theory in which it is later presented in federal court." *Wong v.

Money*, 142 F.3d 313, 322 (6th Cir. 1998); *see also McMeans v. Brigano*, 228 F.3d 674, 681 (6th

Cir. 2000). General allegations of the denial of rights to a "fair trial" and "due process" do not

"fairly present" claims that specific constitutional rights were violated. *McMeans*, 228 F.3d at

681 (citing *Petrucelli v Coombe*, 735 F.2d 684, 688-89 (2d Cir. 1984)).

In order to have fairly presented the substance of each of his federal constitutional claims

to the state courts, the petitioner must have given the highest court in the state in which he was

convicted a full and fair opportunity to rule on his claims. *Manning v. Alexander*, 912 F.2d 878,

881 (6th Cir. 1990). A petitioner fairly presents the substance of his federal constitutional claim

to the state courts by: (1) relying upon federal cases that use a constitutional analysis; (2) relying

upon state cases using a federal constitutional analysis; (3) phrasing his claim in terms of

constitutional law or in terms sufficiently particular to allege the denial of a specific

constitutional right; or (4) alleging facts that are obviously within the mainstream of

constitutional law. *Clinkscale v. Carter*, 375 F.3d 430, 437 (6th Cir. 2004) (quoting *Newton v.

Million*, 349 F.3d 873, 877 (6th Cir. 2003)); *see also Levine v. Torvik*, 986 F.2d 1506, 1516 (6th

Cir. 1993) *cert. denied*, 509 U.S. 907 (1993)(quotation omitted). In *Harris v. Lafler*, the Sixth

Circuit laid out the options that a district court may pursue in dealing with a petition that contains unexhausted claims:

> When faced with this predicament in the past, we have vacated the order granting the writ and remanded the case to the district court so that it could do one of four things: (1) dismiss the petition in its entirety, 544 U.S. at 274, 125 S.Ct. 1528; (2) stay the petition and hold it in abeyance while the petitioner returns to state court to raise his unexhausted claims, *id.* at 275, 125 S.Ct. 1528; (3) permit the petitioner to dismiss the unexhausted claims and proceed with the exhausted claims, *id.* at 278, 125 S.Ct. 1528; or (4) ignore the exhaustion requirement altogether and deny the petition on the merits if none of the petitioner's claims has any merit, 28 U.S.C. § 2254(b)(2).

553 F.3d 1028, 1031-32 (6th Cir. 2009). The Supreme Court has held that "the petitioner has the burden… of showing that other available remedies have been exhausted or that circumstances of peculiar urgency exist." *Darr v. Buford*, 339 U.S. 200, 218-19 (1950), *overruled in part on other grounds*, *Fay v. Noia*, 372 U.S. 391 (1963). A petitioner will not be allowed to present claims never before presented in the state courts unless he can show cause to excuse his failure to present the claims in the state courts and actual prejudice to his defense at trial or on appeal, or that he is actually innocent of the crime for which he was convicted. *Coleman v. Thompson*, 501 U.S. 772, 748 (1991).

**V. ANALYSIS**

In his Motion to Dismiss, Respondent asserts that Petitioner has failed to exhaust his state court remedies. ECF Dkt. #7 at 8. A state prisoner must exhaust all possible state remedies or have no remaining state remedies before a federal court will review a petition for a writ of habeas corpus. 28 U.S.C. § 2254(b) and (c); *see also Baldwin*, 541 U.S. at 29. A habeas petitioner "shall not be deemed to have exhausted the remedies available in the courts of the State… if he has the right under the law of the State to raise, by any available procedure, the

10

question presented." 28 U.S.C. § 2254(c); *see also O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999).

Because exhaustion doctrine is designed to give state courts a full and fair opportunity to resolve federal constitutional claims before they are presented to federal courts, state prisoners must give the state courts one full opportunity by invoking one complete round of the State's established appellate review process. *Id.* at 845. In the Sixth Circuit, a habeas petitioner normally must present his claim to the state's highest court to be deemed to have exhausted his remedies. *Morris v. Kerns*, No. 2:08-cv-1176, 2009 WL 2169210 at *12 (S.D. Ohio 2009); *Mills v. Hudson*, No. 3:08 CV 1974, 2009 WL 484181 at *5 (N.D. Ohio 2009). *O'Sullivan*, 526 U.S. at 844; *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990); *Manning*, 912 F.2d at 881; *Dombkowski v. Johnson* 488 F.2d 68, 70 (6th Cir. 1973); *Albertson v. Johnson*, 440 F.2d 1201 (6th Cir. 1971); *Winegar v. Corrections Dep't*, 435 F.Supp. 285, 289 (W.D.Mich. 1977); *Allen v. Perini*, 26 Ohio Misc. 149 (6th Cir. 1970). In the instant case, the undersigned recommends that the Court find that Petitioner failed to present all of his grounds for relief to the Supreme Court of Ohio.

As Respondent points out, Petitioner's federal habeas corpus petition is a mixed petition, in that it contains both exhausted and unexhausted claims. Petitioner's Rule 26(b) claim regarding the ineffectiveness of appellate counsel is exhausted because under the Rules of Practice of the Supreme Court of Ohio, Rule 2.2(A)(4)(a), there is no provision for delayed appeals of Rule 26(b) claims. However, Petitioner never raised his constitutional claim as to the admissibility of the victim's testimony in ground two of his federal habeas corpus petition before the Supreme Court of Ohio.

Previously, district courts were required to dismiss federal habeas corpus petitions containing both exhausted and unexhausted claims. *Rose v. Lundy*, 455 U.S. 509, 522 (1982). In light of the AEDPA's establishment of a one-year statute of limitations, coupled with the mixed petition dismissal rule previously established in *Rose*, the Supreme Court has recognized the ability of district courts to stay federal habeas corpus petitions in order to allow petitioners to pursue remedies for unexhausted claims in state court. *Rhines v. Weber*, 544 U.S. 269, 275 (2005). Without allowing district courts to stay mixed petitions, petitioners run the risk of forever losing their opportunity for federal review of their unexhausted claims. *Id.*

The Supreme Court also recognized that if employed too frequently, stay and abeyance of mixed federal habeas corpus petitions would undermine the AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of federal proceedings. *Rhines*, 544 U.S. at 277. Frequent use of stay and abeyance would also decrease a petitioner's incentive to exhaust all of his state claims before filing his federal petition. *Id.*

For these reasons, the Supreme Court has emphasized that stay and abeyance should be available only in limited circumstances. In *Rhines*, the Court gives a three-part analysis to determine when granting a stay is appropriate: (1) The district court must determine that there is good cause for the petitioner's failure to exhaust his claims in state court; (2) the unexhausted claims cannot be plainly meritless; and (3) there is no indication that the petitioner engaged in intentionally dilatory litigation tactics. *Id.* at 277-278.

Applying this analysis to the instant case, the undersigned recommends that the Court find that a stay and abeyance is not warranted. Petitioner submitted a direct appeal to the State Appellate Court, and that Court affirmed the trial court's conviction and sentence. Petitioner has not shown good cause, or any cause, for his failure to appeal his ground two assertion, that the

12

admission of the victim's statement violated his right to due process, to the Supreme Court of Ohio. Petitioner may still file a delayed direct appeal to the Supreme Court of Ohio as to this claim. Ohio S.Ct. Prac. R. II § 2.2(A)(4)(a). Likewise, Petitioner fails to explain why he waited over a year and a half since the State Appellate Court decision and still has not pursued a delayed appeal to the Supreme Court of Ohio. Furthermore, the worry that Petitioner will forever lose the opportunity for federal review of his claims is a non-issue. The statute of limitations has not yet expired and most likely has not yet begun to run because of Petitioner's state post-conviction relief filing that remains unresolved. Accordingly, there is little chance that Petitioner would face a time-bar upon his return to federal court.

As to the merits of Petitioner's ground two claim, the undersigned points out that the Ohio Appellate Court found that the victim's statement was an "excited utterance" properly admitted under the hearsay exception. ECF Dkt. #7-1 at 82. This suggests that Petitioner's claim is potentially meritless. Moreover, this ground for relief is not cognizable in habeas corpus because it rests on a state evidentiary ruling, and a reviewing federal court is bound to the state's findings of fact. 28 U.S.C. § 2254(e); *see also Milone v. Camp*, 22 F.3d 693, 702 (7th Cir. 1994), *cert. denied*, 513 U.S. 1076 (1995); *Serra v. Michigan Dep't of Corrections*, 4 F.3d 1348, 1354 (6th Cir. 1993), *cert. denied*, 510 U.S. 1201 (1994). For these reasons, Petitioner's claim is not meritorious.

Consequently, the undersigned recommends that the Court find that a stay and abeyance on Petitioner's federal habeas corpus petition is not warranted. First, Petitioner has failed to appeal his second ground for relief before the Court to the Ohio Supreme Court. Second, he failed to show good cause for his failure to exhaust this claim in state court. Finally, Petitioner has failed to show that his claim is meritorious.

## VII. CONCLUSION AND RECOMMENDATION

For the foregoing reasons, the undersigned RECOMMENDS that the Court DISMISS the instant petition in its entirety without prejudice.


Dated: July 19, 2013                                          */s/George J. Limbert*
                                                      **GEORGE J. LIMBERT**
                                                      **UNITED STATES MAGISTRATE JUDGE**


ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of receipt of this notice. Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation. *See, United States v. Walter,* 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985); and Local Rule 72.3