UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

BRIAN WALTZER,           )   Case No.: 1:12 CV 2068
                         )
   Petitioner            )
                         )   JUDGE SOLOMON OLIVER, JR.
  v.                     )
                         )
JASON BUNTING,           )
                         )   <u>ORDER</u>
   Respondent            )

On August 9, 2012, Petitioner Brian Waltzer ("Waltzer" or "Petitioner") filed a Petition for Writ of Habeas Corpus ("Peititon," ECF No. 1) pursuant to 28 U.S.C. § 2254, challenging the constitutionality of his state court convictions and sentences for one count of felonious assault and one count of domestic violence.  Waltzer argues that his Petition should be granted based on the following grounds:

    Ground One:   His trial counsel was ineffective for failing to call material witnesses to testify, failing to present evidence that the victim was intoxicated and lied to the police, failing to object to the prosecution's use of peremptory challenges to exclude racial minorities from the jury, and failing to object to judicial misconduct.

    Ground Two:   The court erroneously admitted hearsay testimony from police officer Lozinak because Lozinak testified to statements made by the victim more than three hours after the victim called to report the incident to police.

    Ground Three:   The trial court violated his fifth, sixth, and fourteenth amendment rights because he was convicted of allied offenses and the charges should have been merged.

    Ground Four:   His due process rights were violated because two judges presided over the trial.  In support of this claim, Petitioner argues that the second judge did not

> familiarize herself with the case, did not give a jury instruction of a lesser charge, and that the jury had questions but, presumably, the judge was not familiar enough with the case to provide answers.

(*See* Petition at 5-10.) This court referred the case to Magistrate Judge George J. Limbert for preparation of a Report and Recommendation. Respondent Jason Bunting ("Respondent") filed a Motion to Dismiss (ECF No. 7) on November 7, 2012. In his Motion, Respondent argued that Petitioner has not exhausted his state court remedies.

Magistrate Judge Limbert submitted a Report and Recommendation (ECF No. 9) on July 19, 2013, recommending that Respondent's Motion be granted, and Waltzer's Petition for Habeas Corpus under 28 U.S.C. § 2254 be dismissed without prejudice. The Magistrate Judge found that Waltzer's "petition is a mixed petition, in that it contains both exhausted and unexhausted claims." (*Id.* at 11.) He determined that Petitioner exhausted ground one of his claim by raising it in a Rule 26(b) Application for Reopening of Appeal, because Ohio law does not permit a delayed appeal of a Rule 26(b) claim. (*Id.*) With respect to ground two, the Magistrate Judge found that Petitioner has not exhausted this claim because Petitioner has only appealed it to the state court of appeals, and has not presented it to the Supreme Court of Ohio. (*Id.*) The Magistrate Judge then determined that the court should not stay the proceedings to allow Petitioner to exhaust his claim in state court, but should instead dismiss Waltzer's Petition without prejudice. (*Id.* at 13.) The Magistrate Judge reasoned that Petitioner had not shown good cause for his failure to appeal his claim contained in his second ground for relief to the Supreme Court of Ohio and that Petitioner failed to show that his unexhausted claim was meritorious. (*Id.* at 13.) Inasmuch as the Magistrate Judge found, based on grounds one and two, that Petitioner filed a mixed Petition, he did not address grounds three and four.

As of the date of this Order, Petitioner has not filed objections to the Report and

Recommendation. By failing to do so, he has waived the right to appeal the Magistrate Judge's recommendation. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).

The court finds that after careful *de novo* review of the Report and Recommendation and all other relevant documents, the Magistrate Judge's conclusions are fully supported by the record and controlling case law. Accordingly, the court adopts as its own the Magistrate Judge's Report and Recommendation, with one change.

The Magistrate Judge correctly determined that the court should dismiss Waltzer's Petition without prejudice and should not hold Waltzer's Petition in abeyance, for the reason that Petitioner has not shown good cause for his failure to exhaust all state remedies with regard to his second ground for relief. The Magistrate Judge also found that Petitioner's claim was not meritorious. However, the court does not adopt this finding. In *Rhines v. Weber*, 544 U.S. 269 (2005), the United States Supreme Court laid out a three part analysis to determine when it is appropriate to stay a mixed petition to allow a petitioner to exhaust his claim in state court. To warrant a stay, the district court must find that: (1) the petitioner showed good cause for failing to exhaust his claim in state court; (2) the petitioner's claim is not plainly meritless; and (3) the petitioner has not engaged in dilatory tactics. *Id.* at 277-78. Inasmuch as Petitioner has failed to show good cause for failing to exhaust his claim, the court need not address the last two prongs of the analysis provided in *Rhines*. Therefore, the court fails to adopt the Magistrate Judge's finding on the merits of Petitioner's second ground for relief.

Accordingly, the court adopts as its own the Magistrate Judge's Report and Recommendation (ECF No. 9), but fails to adopt the Magistrate Judge's determination on the merits of Petitioner's second ground for relief. Respondent's Motion to Dismiss (ECF No. 7) is hereby granted, and

Waltzer's Petition is dismissed without prejudice.  The court further certifies that pursuant to 28 U.S.C. § 1915(a)(3), an appeal from this decision could not be taken in good faith, and that there is no basis on which to issue a certificate of appealability. Fed.R.App.P. 22(b); 28 U.S.C. § 2253(c).

    IT IS SO ORDERED.

> /s/ *SOLOMON OLIVER, JR.*
> CHIEF JUDGE
> UNITED STATES DISTRICT COURT

September 17, 2013